*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

HERBIE BREWER III,

      Defendant-Appellant.

UNPUBLISHED
February 4, 2020

No. 346446
Kent Circuit Court
LC Nos. 18-000824-FJ;
18-000825-FJ; 18-000826-FJ

Before: O'BRIEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted his sentence after pleading guilty to two counts of breaking and entering a building with intent to commit a felony (breaking and entering), MCL 750.110, two counts of larceny by stealing a firearm (larceny of a firearm), MCL 750.357b, and one count of carrying a concealed weapon, MCL 750.227. The trial court sentenced defendant to 6 to 10 years in prison for each conviction of breaking and entering, 3 to 5 years in prison for each conviction of larceny of a firearm, and 3 to 5 years in prison for carrying a concealed weapon, with all sentences to be served concurrently. Defendant appeals only his sentences, arguing that they are unreasonable. We vacate defendant's sentences and remand for further proceedings.

## I. FACTS

On September 16, 2017, defendant broke into a Cabela's store using a sledge hammer. He damaged a gun case and stole two guns for a loss to the store of $10,148.91. On September 23, 2017, defendant and his companions went to a Meijer store and purchased more sledge hammers, then used the sledge hammers to break into an Ace Hardware store where they attempted to steal firearms, causing $1,271 in damage to the store. That same night, defendant broke into the firearms store Bachelder Master Gunmaker, Inc and stole firearms and caused damage in the amount of $873.83. Early in the next morning, on September 24, 2017, defendant and his companions broke into the firearms store Barracks 616 and stole 15 firearms and caused damage totaling $18,778.85. Police officers arrested defendant after an investigatory traffic stop; at the time of his arrest defendant had a handgun in the top front portion of his shorts.

-1-

At the time defendant committed this series of crimes, he was 16 years old and was on probation for armed robbery and for receiving and concealing a stolen motor vehicle.[1] In addition to being charged with a probation violation as a result of his crime spree, defendant was charged with four counts of breaking and entering with intent to commit a felony, MCL 750.110, three counts of larceny of a firearm, MCL 750.357b, larceny from a building, MCL 750.360, and carrying a concealed weapon, MCL 750.227. Defendant pleaded guilty to two counts of breaking and entering, two counts of larceny of a firearm, and one count of carrying a concealed weapon.

As part of the plea agreement, the prosecutor dismissed the other charges and recommended a minimum sentence within the sentencing guidelines range. The sentencing guidelines recommended a minimum sentence range for each count of breaking and entering of 5 months to 23 months in prison, and for each count of larceny of a firearm and carrying a concealed weapon the minimum guidelines range was 7 to 23 months in prison. At the sentencing hearing, the trial court informed defendant that it would not adhere to the plea agreement and offered defendant the opportunity to withdraw his plea, which defendant declined. The trial court thereafter sentenced defendant to 6 to 10 years' imprisonment for each conviction of breaking and entering, 3 to 5 years' imprisonment for each conviction of larceny of a firearm, and 3 to 5 years' imprisonment for carrying a concealed weapon. Defendant now appeals.

## II. DISCUSSION

Defendant contends that the trial court abused its discretion by imposing a sentence that upwardly departs from the sentencing guidelines, arguing that the sentence is disproportionate and therefore unreasonable. This Court reviews a departure from the sentencing guidelines range for reasonableness. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). The standard of review for the reasonableness of a sentence is "whether the trial court abused its discretion by violating the principle of proportionality. . . ." *People v Steanhouse*, 500 Mich 453, 477; 902 NW2d 327 (2017). A sentencing court abuses its discretion if the departure sentence is not reasonable, meaning that it violates the principle of proportionality, which requires sentences "to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 460, quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990).

In this case, the scored sentencing guidelines range for each count of breaking and entering was 5 to 23 months in prison, but the trial court sentenced defendant to 6 to 10 years in prison, more than tripling the guidelines range for the minimum sentence. Although the sentencing guidelines are now advisory only, trial courts must continue to consider the guidelines when imposing a sentence, and when departing from the guidelines the trial court must adequately "justify the sentence imposed in order to facilitate appellate review." *Lockridge*, 498 Mich at 392. "If the trial court chooses to depart from the sentencing guidelines, it must justify the departure on the record explaining why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719 (2019) (quotation marks and citation omitted).

---

[1] Defendant was charged as an adult in this matter. His previous convictions were as a juvenile.

Relevant factors for determining whether a sentence that exceeds the guidelines is proportionate include (1) whether the guidelines accurately reflect the seriousness of the offense, (2) factors that were inadequately considered by the guidelines, and (3) factors not considered by the guidelines. *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017). When a trial court relies solely on factors that are not "unique to defendant's crime, nor supported by the record," the trial court has failed to provide an adequate justification for its departure sentence. See *Id*. at 529.

Here, the trial court stated on the record that it had considered the guidelines and was departing from the guidelines. Addressing defendant, the trial court explained its departure as follows:

> You're 16 years old…As an adult, you have no record, but you haven't been an adult very long. And as a juvenile, you have a conviction for an armed robbery, which is an extremely serious conviction.

> This was a pre-planned, thought-out series of events that, quite frankly, were outrageous. One incident, you . . . and some other co-defendants went to Meijers. You bought sledge hammers. You then went to [Ace] Hardware. You broke into that with the sledge hammers, attempted to take guns.

> Then you went to Bachelder's, which is another gun store. You broke into that. Did a bunch of damage. Stole guns. Then you went to Barracks 616, broke into that, stole guns. And then that evening, you evidently, with the co-defendants, drove to Muskegon and the guns were sold to other people. And there was an incident where you went into Cabela's and did damage and stole guns.

> * * *

> I'm aware of *People v Lockridge*, that these Sentencing Guidelines are only advisory. That I need to impose a reasonable sentence.

> I'm also aware of *People v Milbourn*, that I need to impose a proportionate sentence. And I believe that the sentence that I'm going to be imposing today is both reasonable and proportionate. But the Guidelines do not take into effect the serious nature and the total disregard for society or property that you exhibited when you committed these crimes. I mean, this is outrageous, sir. You broke into all these different places, you stole guns, and then you went over and sold guns and you put those into—into the cities and counties. And who knows how many guns that you sold to other people are going [to be used] to commit robberies, commit murders, shoot people. There's just no excuse or justification for that, and the Guidelines don't go anywhere near taking into effect the seriousness of that— actions that you did, and the total disregard for the law of society.

The trial court's main basis for the departure was that defendant's sale of the stolen firearms into the community would have a negative impact on society not adequately considered in the guidelines. Because the record seemingly indicates that only one of the stolen guns was ever recovered, it is reasonable to infer that the other guns ended up in the community, with clearly dire

consequences. However, there is no record evidence that defendant sold the guns or that defendant specifically had any involvement in disposing of the guns. The trial court's concern is appropriate and could support an upward departure sentence in principle, but we are unable to find it sufficiently supported by the record. See *Dixon-Bey*, 321 Mich App at 526, 529. This Court is not permitted to supplement the trial court's reasoning regarding why a departure is justified. *People v Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008); *Dixon-Bey*, 321 Mich App at 531 n 11. We further observe that the trial court did not otherwise adequately justify the departure nor the extent of the departure. The more than tripling of the high end of the guidelines for this young offender suggests that the departure was excessive, but we are hindered in our review by the trial court's lack of justification on the record for the departure explaining why the sentence imposed is more proportionate or less proportionate to the offense and the offender than a different sentence would have been.

We vacate defendant's sentences and remand this matter for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Amy Ronayne Krause
/s/ Michael F. Gadola

# Court of Appeals, State of Michigan

# ORDER

PEOPLE OF MI v HERBIE BREWER III

Docket No.    346446

LC No.     18-000824-FJ; 18-000825-FJ; 18-000826-FJ

Colleen A. O'Brien
Presiding Judge

Amy Ronayne Krause

Michael F. Gadola
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

Proceedings on remand in this matter shall commence within 28 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court shall further explain its rationale for departing from the sentencing guidelines in sentencing defendant.  The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand.  Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

/s/ Colleen A. O'Brien

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

February 4, 2020
Date

Chief Clerk